UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY BRUCE RIGGS,<br><br>            Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | Case No. CR20-052-RSL<br><br>ORDER DENYING MOTION TO BE CONSIDERED A CAREER OFFENDER |

This matter comes before the Court on defendant Gary Bruce Riggs' *pro se* "Motion to be Considered a Career Offender" (Dkt. # 15).  Having considered the motion and the remainder of the record, the Court finds as follows:

On July 13, 2018, defendant pleaded guilty to mailing threatening communications, in violation of 18 U.S.C. § 876(c).  Dkt. # 2 at 6-13.  On September 4, 2018, the U.S. District Court for the Eastern District of California sentenced defendant to 30 months of imprisonment and 36 months of supervised release.  Id. at 14-20.  Defendant's initial term of supervised release commenced on March 27, 2020.  Dkt. # 1.  This Court accepted jurisdiction over defendant on April 7, 2020.  Id.

On October 29, 2020, the Court found that defendant had violated the conditions of his supervised release by committing the crime of assault with a dangerous weapon.  Dkt. # 14 at 1. The Court revoked defendant's term of supervision and sentenced him to 24 months of imprisonment, to be served consecutively to all other terms, including Case Nos. CR20-123-

ORDER DENYING MOTION TO BE
CONSIDERED A CAREER OFFENDER - 1

RSL and CR16-048-RSL.[1]  Id. at 2.  Defendant is currently a prisoner in the custody of the Federal Bureau of Prisons at Thomson United States Penitentiary, and his projected release date is June 19, 2032.  See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited June 21, 2022).

Defendant moves the Court to classify him as a career offender and sentence him to life in federal prison.  Defendant argues that he has "no respect for the law and for human life," and states that he "will continue acts of violence until [he] get[s] life in the federal system."  Dkt. # 15 at 2.

As a threshold matter, the Court notes that defendant filed his motion *pro se* although he is represented by counsel, Mr. Gilbert H. Levy.  Hybrid representation of this sort is impermissible pursuant to the applicable local court rule:

> When a party is represented by an attorney of record in a case, the party cannot appear or act on his or her own behalf in that case, or take any step therein, until after the party requests by motion to proceed on his or her own behalf, certifies in the motion that he or she has provided copies of the motion to his or her current counsel and to the opposing party, and is granted an order of substitution by the court terminating the party's attorney as counsel and substituting the party in to proceed *pro se*; provided, that the court may in its discretion hear a party in open court, notwithstanding the fact that he or she is represented by an attorney.

---

[1] In CR20-123-RSL, on September 28, 2020, defendant pleaded guilty to assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 7.  CR20-123-RSL, Dkt. # 30.  On October 29, 2020, the Court sentenced defendant to 120 months of imprisonment, to be served consecutively to all other terms, including the above-captioned matter and CR16-048-RSL, and three years of supervised release.  Id., Dkt. # 41.  Defendant's conviction in CR20-123-RSL is the basis for the supervised release violation in the above-captioned matter.

In CR16-048-RSL, on March 22, 2016, defendant pleaded guilty to escape from custody, in violation of 18 U.S.C. §§ 751 and 2.  CR16-048-RSL, Dkt. # 15.  On July 21, 2016, the Court sentenced defendant to 24 months of imprisonment and three years of supervised release.  Id., Dkt. # 39.  On October 29, 2020, the Court revoked defendant's term of supervised release and sentenced him to 24 months of imprisonment, to be served consecutively to all other terms, including the above-captioned matter and CR20-123-RSL.  Id., Dkt. # 76.  Defendant's supervised release violations included committing the crime of assault with a dangerous weapon, in reference to defendant's conviction in CR20-123-RSL, and failing to reside in and satisfactorily participate in a residential reentry center.  Id.

ORDER DENYING MOTION TO BE
CONSIDERED A CAREER OFFENDER - 2

Local Rules W.D. Wash. LCR 83.2(b)(5); *see also* Local Rules W.D. Wash. CrR 1(a) (indicating that LCR 83.2(b) applies to criminal matters).  The Court puts defendant on notice that if he files further *pro se* motions while represented by counsel, the Court reserves the right to strike them from the docket without consideration of the merits.

Addressing defendant's current motion, the Court lacks the power to grant defendant the relief he seeks.  In essence, defendant is asking the Court to resentence him with a sentencing enhancement under U.S.S.G. § 4B1.1 for being a "career offender," and to impose a sentence of life imprisonment.

First, in the absence of a statutory exception, terms of imprisonment may not be modified once imposed.  See 18 U.S.C. § 3582(b)-(c).  Defendant points to no such applicable statutory exception.  The Court is therefore unable to modify his term of imprisonment.

Second, even if the Court had the power to modify defendant's term of imprisonment, it could not increase it here because it already gave him the maximum term of imprisonment in all three matters: CR20-052-RSL, CR20-123-RSL, and CR16-048-RSL.  In both CR20-052-RSL and CR16-048-RSL, the Court revoked supervised release and imposed consecutive terms of imprisonment of 24 months.  18 U.S.C. § 3583(e)(3) governs the maximum term of imprisonment that the district court may impose when it revokes a defendant's supervised release.  United States v. Knight, 580 F.3d 933, 936 (9th Cir. 2009).  It states: "[A] defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C or D felony[.]"  18 U.S.C. § 3583(e)(3).  Defendant's original convictions in CR20-052-RSL and CR16-048-RSL for mailing threatening communications and escape from custody, respectively, are class C and class D felonies, respectively.  See Dkt. # 1; see also 18 U.S.C. §§ 3559(a)(3), 876(c), 751.  The Court was therefore constrained to the 24 months of imprisonment imposed in both matters.  Regarding defendant's conviction for assault with a dangerous weapon, the statute provides that the maximum sentence is ten years of imprisonment.  See 18 U.S.C. §§ 113(a)(3).  The Court sentenced defendant to 120 months, which is equal to the statutory maximum sentence of ten

ORDER DENYING MOTION TO BE
CONSIDERED A CAREER OFFENDER - 3

years. Notably, this was an upward variance from defendant's guideline range of 77 to 96 months, which was based on a total offense level of 22 and a criminal history category of V. See CR20-123-RSL, Dkt. # 36. Had the Court increased defendant's offense level based on his status as a career offender, this would have only increased his total offense level to 24. See U.S.S.G. § 4B1.1(b)(5). Taken together with his criminal history category of V, this would have produced a guideline range of 92-115 months, see U.S.S.G. § 5A, which is still less than the 120 months that the Court imposed.

In sum, the Court cannot grant defendant's request. Nonetheless, the Court is gravely concerned by defendant's lack of respect for human life, as demonstrated by the fact that it imposed the maximum available sentences in all three matters. The Court encourages defendant to seek mental health treatment while in custody.

DATED this 21st day of June, 2022.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO BE
CONSIDERED A CAREER OFFENDER - 4